IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> KELLI S. TROKIE <br><br> Debtor(s) | Chapter: 13 <br> Case Number: 1:15-bk-05003-RNO |
| KELLI S. TROKIE <br><br> Plaintiff(s) <br><br> v. <br><br> U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee of the IGSC Series II Trust, SN SERVICING CORPORATION, TUCKER ARENSBERG, PC, BRETT A. SOLOMON, MICHAEL C. MAZACK, KEVIN L. HALL, AND KENNETH J. MCDERMOTT. <br><br> Defendant(s) | Adversary Number: 1:18-ap-00018-RNO <br><br> Document No.: 7, 8 <br><br> Nature of Proceeding: Motions to Dismiss Adversary Proceeding |

# OPINION[1]

Chapter 13 Debtor filed a three-count adversary Complaint claiming a creditor, creditor's servicing agent, and creditor's counsel violated the automatic stay, Debtor's confirmed Chapter 13 Plan, and the Fair Debt Collection Practices Act. In separate motions, all of the Defendants moved to dismiss the adversary Complaint. For the reasons stated below, the US Bank and SN Servicing Defendants' Motion to Dismiss is granted in part and denied in part, and the TAPC Defendants' Motion to Dismiss is granted in full.

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Counts I and II of the Complaint are core proceedings under 28 U.S.C. § 157(b)(2)(G) & (O). Count III of the Complaint is a non-core proceeding under 28 U.S.C. § 157(c)(1).

## II. FACTS AND PROCEDURAL HISTORY

Kelli S. Trokie ("Debtor" or "Plaintiff") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 23, 2015. This adversary proceeding was commenced by a Complaint ("Complaint") filed on March 6, 2018. Debtor filed this Complaint against U.S. Bank Trust National Association ("US Bank"), SN Servicing Corporation ("SN Servicing"), Tucker Arensberg PC, Brett A. Solomon, Michael C. Mazack, Kevin L. Hall, and Kenneth J. McDermott (collectively, "Defendants").

The Complaint provides that US Bank holds a mortgage loan secured by Debtor's principal residence located at 5906 Shope Place, Harrisburg, Pennsylvania and that SN Servicing handles the servicing of that loan. The Complaint also alleges that, on October 2, 2017, counsel for US Bank and SN Servicing filed a Motion for Relief from the Automatic Stay ("Motion for Relief") regarding an alleged delinquency on Debtor's loan payments. Motion for Relief, 1:15-bk-05003-RNO, ECF No. 46. Furthermore, the Complaint alleges that, before and after the filing of the Motion for Relief, Debtor's counsel communicated with Defendants multiple times where she expressed concerns regarding the accuracy of Debtor's payment history account held by Defendants.

In sum, the Complaint alleges that Defendants filed and pursued the Motion for Relief under knowingly faulty and false payment history records of Debtor's loan account, and in turn violated the automatic stay imposed by 11 U.S.C. § 362(a)[2], violated the terms of Debtor's confirmed Chapter 13 Plan under § 1327(a), and violated the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692e.

On April 6, 2018, US Bank and SN Servicing (collectively, "US Bank and SN Servicing Defendants") filed a Motion to Dismiss ("US Bank and SN Servicing Defendants' Motion to Dismiss") at docket number 8. On the same day, Tucker Arensberg PC, Kevin L. Hall, Michael C. Mazack, Kenneth J. McDermott, and Brett A. Solomon (collectively, "TAPC Defendants"), as counsel for US Bank and SN Servicing, filed a Motion to Dismiss ("TAPC Defendants' Motion to Dismiss") (collectively, "Motions to Dismiss") at docket number 7. Both Motions to Dismiss seek dismissal of the Complaint, with prejudice. A hearing on the Motions to Dismiss was held on July 26, 2018. The Motions to Dismiss have been briefed and are now ripe for decision.

## III. DISCUSSION

### A. Standard of Review for a Motion to Dismiss Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6)

Federal Rule of Bankruptcy Procedure ("FRBP") 7012(b) makes Federal Rule of Civil Procedure ("FRCP") 12(b)–(i) applicable to bankruptcy adversary proceedings. FRCP 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the Supreme Court heightened this pleading standard by holding that for a complaint to withstand a motion to dismiss, a claim

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code" or "Code").

3

must be more than possible, it must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). Additionally, *Twombly* advises that while detailed factual allegations are not required in a complaint, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Two years later, the Supreme Court went further to define "facial plausibility":

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations and quotations omitted).

At the motion to dismiss stage, only well pled facts are viewed in the light most favorable to the non-moving party, in this case, the Debtor. Alternatively, legal conclusions are not assumed to be correct at the motion to dismiss stage. In *Iqbal*, Justice Kennedy wrote:

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679. The Third Circuit has also provided guidance on the differing standards regarding a complaint's alleged facts and legal conclusions at the motion to dismiss stage:

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than

4

> allege the plaintiff's entitlement to relief. A complaint has to "show" such entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations omitted).

When deciding a motion to dismiss, the court may consider the complaint as well as attached exhibits and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D. Del., Jan. 30, 2015). Additionally, the court may consider an indisputably authentic document which a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Gar. Corp.*, 998 F.2d at 1196; *see also*, *Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

Furthermore, the Federal Rules of Evidence ("FRE") apply to proceedings before United States Bankruptcy Judges. Fed. R. Evid. 1101(a); *In re Barnes*, 266 B.R. 397, 403 (8th Cir. BAP 2001). FRE 201 allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket events in a case, contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, *12 n. 19 (Bankr. E.D. Pa., Jan. 11, 1991).

### B. Count I – Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k)(1)

Count I of Debtor's Complaint alleges Defendants willfully violated the automatic stay pursuant to § 362(a) when Defendants sought relief from the stay and continued to pursue such relief upon knowingly faulty and false payment history records of Debtor's loan account. Compl. 11–13, ECF No. 1. As such, Debtor seeks a damage award under § 362(k) for Defendants' willful violation. *Id.*

One of the hallmarks of bankruptcy protection is the automatic stay. *In re Thomas*, 529 B.R. 628, 635 (Bankr. W.D. Pa. 2015). Generally, § 362(a) of the Bankruptcy Code protects a debtor from creditors' actions, including:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

If a creditor violates the automatic stay, § 362(k)(1) provides that an individual debtor who is "injured by any willful violation of [the automatic stay] . . . shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages." A "willful" violation of the automatic stay occurs when a creditor violates the stay with knowledge that a bankruptcy petition has been filed. *In re Iskric*, 496 B.R. 355, 360 (Bankr. M.D. Pa. 2013) (citing *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992); *In re Butz*, 444 B.R. 301, 305 (Bankr. M.D. Pa. 2011)). In other words, "[w]illfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *In re Lansdale*, 977 F.2d at 829 (citing *In re University Medical Center*, 973 F.2d 1065, 1087–88 (3d Cir. 1992)). However, for a violation of the automatic stay to be willful, a debtor must first prove that a violation of the automatic stay occurred. *See In re Aleckna*, 543 B.R. 717, 720 (Bankr. M.D. Pa. 2016) (providing that for an automatic stay violation to be willful, the debtor bears the burden of proving, by a preponderance of the evidence, three elements: (1) a violation of the stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the violation caused actual damages) (citations omitted).

6

Debtor specifically claims Defendants violated the automatic stay, not when Defendants filed their Motion for Relief, but after Defendants were made aware of multiple inconsistencies with the payment history records they used to support the Motion for Relief and yet continued their pursuit nonetheless. Compl. ¶ 72–73, ECF No. 1. In fact, the exhibits attached to the Complaint do raise questions regarding the accuracy of and Defendants internal handling of Debtor's payment history records. Compl. Ex. F–EE, ECF No. 1. For example, the exhibits reveal that Defendants filed Local Bankruptcy Form 4001-1-Post-Petition Payment History ("LBF 4001-1") with information that was in clear conflict with multiple communications made by Defendants to Debtor. Compl. Ex. K–W, ECF No. 1; *see also* Post-Petition Payment History Exhibit, 1:15-bk-05003-RNO, ECF No. 59.

However, when Congress provided for the automatic stay under § 362(a), it also authorized the court to grant relief from the stay, under § 362(d)(1), by terminating, annulling, modifying, or conditioning such stay for cause. As stated by Judge Frank:

> The grant of such relief is relatively rare because it usually would contravene the purposes of the automatic stay. Nevertheless, in some cases, the hardship to the movant as compared to the hardship to the debtor may justify granting stay relief. Or, analyzed slightly differently, the equities of freeing the creditor from the restraint of the automatic stay may outweigh the potential negative impact that such relief would have on the bankruptcy process.

*In re Bell*, 476 B.R. 168, 179 (Bankr. E.D. Pa. 2012) (internal citations omitted). Ultimately, a motion for relief from the automatic stay is a procedural necessity. To say that the filing of a motion for relief from stay could violate the automatic stay itself is illogical.[3]

---

[3] *Cf. In re N. Coast Vill., Ltd.*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992). *In re N. Coast Vill., Ltd.* is a Ninth Circuit bankruptcy case where a creditor filed an adversary proceeding against the Chapter 11 debtor, and in turn, the debtor filed a motion to dismiss claiming the adversary proceeding violated the automatic stay. *In re Coast Vill., Ltd.*, 135 B.R. at 642–43. Similar to this Court's determination on the application of the stay to a motion for relief from stay, the Ninth Circuit went on to conclude that "[t]he automatic stay does not prevent adversary proceedings against the debtor in the bankruptcy court where the debtor's bankruptcy is pending," and further stated that "the application of the stay to proceedings against the debtor in the home bankruptcy court would be illogical and would not serve the purposes underlying the automatic stay." *Id.* at 643–44.

Just as Debtor refrained from differentiating among the Defendants in Count I of the Complaint, I will refrain from doing so as well in my holding here. Even viewing the facts in a light most favorable to the Debtor, the non-moving party, I cannot find that the Debtor has pled a plausible claim that Defendants violated the automatic stay under § 362(a) by filing a motion for relief from stay. If there is no violation of the automatic stay, there cannot be a willful violation of the automatic stay. Therefore, I grant both the TAPC Defendants' and the US Bank and SN Servicing Defendants' Motions to Dismiss as to Count I of the Complaint.[4]

FRCP 15 is made applicable to adversary proceedings by FRBP 7015. FRCP 15 provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."

Both US Bank and SN Servicing Defendants' and TAPC Defendants' Motions to Dismiss seek dismissal of the Complaint, with prejudice. A dismissal with prejudice may be based upon undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, prejudice to the opposing party, or the futility of amendment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993); *In re Sobol*, 545 B.R. 477, 491 (Bankr. M.D. Pa. 2016). Futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434–35.

I find that, based on the facts of this case, amendment to Count I would be futile given that no set of facts can support the claim that the filing of a motion for relief from the automatic stay violates the automatic stay. Therefore, Count I, as to both US Bank and SN Servicing Defendants and TAPC Defendants, will be dismissed with prejudice.

---

[4] US Bank and SN Servicing Defendants provide an additional argument that because the Motion for Relief had been fully adjudicated at the commencement of this adversary proceeding, this Court lacks subject-matter jurisdiction to address the Motion for Relief. I will refrain from ruling on this argument as I have granted Defendants' Motions to Dismiss, as to Count I, on other grounds.

8

### C. Count II – Violation of Debtor's Confirmed Chapter 13 Plan Pursuant to 11 U.S.C. § 1327(a) and 11 U.S.C. § 105(a)

Count II of Debtor's Complaint alleges Defendants willfully violated the effect of Debtor's confirmed Chapter 13 Plan under § 1327(a) in two instances: (1) when Defendants allegedly failed to accurately apply Debtor's payments to her loan account; and (2) when Defendants filed and pursued relief from the automatic stay upon allegedly known faulty and false payment history records of Debtor's loan account. Compl. 13–15, ECF No. 1. Due to these alleged violations, Debtor requests relief in the form of punitive damages pursuant to § 105(a). *Id.*

In Chapter 13 cases, § 1327 codifies the effect of the confirmation of a debtor's plan. Section 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan.

*See In re Szostek*, 886 F.2d 1405, 1408–09 (3d Cir. 1989); *In re Mansaray-Ruffin*, 530 F.3d 230, 238 & n.6 (3d Cir. 2008). While § 1327(a) explicitly declares that the terms of the confirmed plan "bind the debtor and each creditor," it does not contain a specific enforcement mechanism. *In re Padilla*, 389 B.R. 409, 429 (Bankr. E.D. Pa. 2008). For this reason, § 105(a) has been invoked to enforce § 1327(a). *Id.*

The Third Circuit has described § 105(a) as the codification of the bankruptcy court's general equitable powers. *In re SubMicron Systems Corp.*, 432 F.3d 448, 455 n. 6 (3d Cir. 2006). These equitable powers provide bankruptcy courts broad authority to act for the purpose of preventing injustice and unfairness in the administration of a bankruptcy estate. *In re Padilla*, 389 B.R. at 429. This broad authority includes the power to "craft flexible remedies that, while

9

Case 1:18-ap-00018-RNO    Doc 18    Filed 10/05/18    Entered 10/05/18 11:08:36    Desc
Main Document      Page 9 of 19

not expressly authorized by the [Bankruptcy] Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003).

However, there are limits to the bankruptcy court's equitable powers. *In re Padilla*, 389 B.R. at 430. "The essence of the boundary of § 105(a) equity power is that the provision cannot provide the basis for requested relief that would either (1) create a new substantive right or (2) conflict with another provision of the Bankruptcy Code." *Id.* After an extensive analysis, the *Padilla* court concluded that "the issuance of an order to enforce § 1327(a) falls squarely within purview of the bankruptcy court's power . . . [and] is consistent within the express mandate of § 105(a): it is 'necessary and appropriate to carry out the provisions of this title.'" *Id.* at 431 (quoting § 105(a)). In other words, a court may use § 105(a) to discourage violations of § 1327(a) because such use does not override or conflict with other Code provisions, does not purport to supplement any exclusive procedure already in place for the enforcement of § 1327(a), and does not create a new right not already present in the Code. *Id.* Because precedent holds that § 105(a) may be invoked to enforce a debtor's rights under § 1327(a), I will now turn my attention to whether Debtor has pled a plausible claim for relief against any of the defendants.

    1.    *Debtor Has Pled a Plausible Claim for Relief Related to US Bank and SN Servicing Defendants' Alleged Violation of Debtor's Confirmed Chapter 13 Plan*

In Count II of Debtor's Complaint, Debtor argues the US Bank and SN Servicing Defendants willfully failed to accurately apply Debtor's payments to her loan account which violates Debtor's confirmed Chapter 13 Plan pursuant to § 1327(a). Compl. 13–15, ECF No. 1. Additionally, Debtor argues this willful failure to apply payments resulted in Defendants' filing of the Motion for Relief which ultimately led to six months of litigation, costing Debtor her own

10

attorney's fees and costs as well as the fees and costs assessed to Debtor's loan account for Defendants' representation. *Id.* at ¶ 87. As a result, Debtor requests this Court fashion an § 105(a) remedy in the form of punitive damages against US Bank and SN Servicing Defendants for violating Debtor's confirmed Chapter 13 Plan. *Id.* at ¶ 93.

In response, US Bank and SN Servicing Defendants cite *Padilla* in arguing that a creditor's failure to act in accordance with a debtor's confirmed plan does not give rise to a contempt proceeding unless the creditor violates the specific and definite language of a court order (i.e. here, the court order being Debtor's confirmed Chapter 13 Plan). US Bank and SN Servicing Defendants Mem. in Supp. of Mot. to Dismiss 8–10, ECF No. 8-2. However, Debtor is not arguing for a contempt remedy here. Debtor is arguing that Defendants violated her confirmed Chapter 13 Plan pursuant to § 1327(a) and that this Court should remedy such a violation through its § 105(a) equitable powers. *See In re Cano*, 410 B.R. 506, 521 (Bankr. S.D. Tex. 2009) (providing that the *Padilla* court "held that § 1327(a) rather than the court order confirming the plan created the legal right from which the § 105 remedy arose") (citation omitted). As noted above, precedent holds that such a remedy exists. *See Padilla*, 389 B.R. at 431. Additionally, there is caselaw providing that a creditor's failure to correctly apply payments warrants a bankruptcy court's exercise of its § 105(a) equitable powers to enforce § 1327(a). *See In re Davy*, 345 B.R. 337, 345–46 (Bankr. D. Colo. 2006); *see also In re Wright*, 461 B.R. 757, 761 (Bankr. N.D. Iowa 2011) (providing that "[b]ankruptcy courts have sanctioned mortgage lenders and servicers for abuse of process and under § 105(a)" and that "[p]ostconfirmation improprieties by mortgage lenders and servicers can be considered a violation of the automatic stay as well as of the order of confirmation, sanctionable under the inherent power of the court") (citations omitted).

11

While Debtor's Complaint merely lays out the skeletal framework of Count II, the exhibits attached to the Complaint provide significant factual detail in support. For example, Exhibits F–I illustrate communications between Debtor and SN Servicing's bankruptcy asset manager, Torie Mather, revealing possible discrepancies in the application of payments to Debtor's loan account. Compl. Ex. F–I, ECF No. 1. Additionally, after TAPC Defendants took over communications between Debtor and Defendants, the alleged payment application discrepancies persisted. *See* Compl. Ex. Y–DD, ECF No. 1. Furthermore, TAPC Defendants admitted in court that their clients, US Bank and SN Servicing Defendants, had failed to apply some post-petition payments as of the date of the filing of LBF 4001-1. Compl. Ex. X at 7, Lines 6–10, ECF No. 1.

For the reasons mentioned above, I find that the Complaint, together with its incorporated exhibits, states a plausible claim as to the US Bank and SN Servicing Defendants, and therefore, US Bank and SN Servicing Defendants' Motion to Dismiss will be denied as to Count II of the Complaint.

    2. *Debtor Has Not Pled a Plausible Claim for Relief Related to TAPC Defendants' Alleged Violation of Debtor's Confirmed Chapter 13 Plan*

Debtor's Count II argument against TAPC Defendants is not well pled. While the facts and exhibits in Debtor's Complaint provide ample evidence of TAPC Defendants' actions in relation to this adversary proceeding, Debtor failed to specify in Count II how TAPC Defendants' actions violated § 1327(a).[5] Instead, Debtor made blanket statements in relation to "Defendants," all of which I interpreted as statements made against the US Bank and SN Servicing Defendants.

---

[5] It is noted that Debtor, in her Opposition, alleges TAPC Defendants violated § 1327(a) when they filed LBF 4001-1 and continued to pursue their Motion for Relief behind this form. Pl.'s Br. in Opp'n of TAPC Defendants Mot. to Dismiss 13–14, ECF No. 14. However, not specifying this in Count II of the Complaint failed to provide Defendants with adequate notice of the claim being brought against them.

12

Case 1:18-ap-00018-RNO    Doc 18    Filed 10/05/18    Entered 10/05/18 11:08:36    Desc
Main Document    Page 12 of 19

As such, even viewing the facts in a light most favorable to the Debtor, the non-moving party, I find that the Debtor has not pled a plausible claim permitting this Court to fashion relief under § 105(a) against the TAPC Defendants for their alleged violations of Debtor's confirmed Chapter 13 Plan. Therefore, I grant TAPC Defendants' Motion to Dismiss as to Count II of the Complaint.

I also find that Debtor's Count II against TAPC Defendants should be dismissed, without prejudice. I cannot presently find that amendment of Count II against the TAPC Defendants would be futile. However, I find it necessary to raise my concern that Debtor has not, at any point in the Complaint, cited FRBP 9011, the principal purpose of which is to deter litigation abuses by imposing sanctions. Additionally, I recognize that my power to impose sanctions pursuant to § 105(a) "should be reserved for those cases wherein the conduct of a party *or an attorney* is egregious and *no other basis for sanctions exists*." *In re Coquico, Inc.*, 508 B.R. 929, 941 (Bankr. E.D. Pa. 2014) (emphasis added). Nonetheless, my judgment will allow twenty-one (21) days leave to file an amended complaint, and any such amendment must, *inter alia*, specify how the TAPC Defendants violated § 1327(a).

### D. Count III – Violation of the FDCPA Under 15 U.S.C. § 1692e

In Count III of the Complaint, Debtor argues that Defendants violated the FDCPA under 15 U.S.C. § 1692e when Defendants, in support of their Motion for Relief, willfully made false and misleading representations concerning the payment history records of Debtor's loan account. Because US Bank and SN Servicing Defendants moved to dismiss under FRBP 7012(b)(1) for this Court's lack of subject-matter jurisdiction over the FDCPA violations claims against them, I will first discuss the standard of review.

1. *Standard of Review for a Motion to Dismiss Pursuant to FRBP 7012(b)(1)*

As stated above, FRBP 7012(b) makes FRCP 12(b)–(i) applicable to bankruptcy adversary proceedings. FRCP 12(b)(1) requires dismissal of a complaint which lacks subject-matter jurisdiction. The standard of review for an FRCP 12(b)(1) challenge is the same as the FRCP 12(b)(6) standard – the allegations in the complaint are accepted as true and all inferences are drawn in favor of the plaintiff. *In re Marchese*, No. AP 17-189, 2018 WL 3472823, at *3 (Bankr. E.D. Pa. July 16, 2018) (citations omitted). However:

> When a defendant moves to dismiss under both FRCP 12(b)(1) and FRCP 12(b)(6), the court must first consider the defendant's motion under FRCP 12(b)(1) because "[w]hether the complaint states a cause of action on which relief could be granted is a question of law. . . [that] must be decided after and not before the court has assumed jurisdiction over the controversy."

*In re Merritt*, 529 B.R. 845, 858 (Bankr. E.D. Pa. 2015), *aff'd*, No. 11-18134, 2016 WL 930696 (E.D. Pa. Mar. 10, 2016), aff'd, 711 F. App'x 83 (3d Cir. 2017) (citation omitted). As such, I will next determine whether this Court has subject-matter jurisdiction over an FDCPA claim.

2. *This Court Has Subject-Matter Jurisdiction Over Debtor's FDCPA Violations Claims*

Bankruptcy courts are courts of limited jurisdiction. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 1498, 131 L. Ed. 2d 403 (1995). Specifically, bankruptcy jurisdiction extends to four types of proceedings: (1) cases "under" title 11; (2) proceedings "arising under" title 11; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case under title 11. *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) (citation omitted). The first three types of proceedings are considered "core" proceedings which invoke a substantive right provided by title 11 or could only arise in the context of a bankruptcy case. *In re Guild &*

14

*Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996) (citation omitted).[6] Bankruptcy courts have jurisdiction to hear, determine, and enter orders and judgments related to "core" proceedings. 28 U.S.C. § 157(b). The fourth type of proceedings, those "related to" a case under title 11, are considered "non-core" proceedings which do not invoke a substantive right and could exist outside of bankruptcy but are nonetheless related to the bankruptcy due to their potential effect on the estate. *In re Guild*, 72 F.3d at 1178 (citation omitted). While bankruptcy courts have jurisdiction to hear "non-core" proceedings that are related to a case under title 11, they can only submit proposed findings of fact and conclusions of law but cannot issue final orders or judgments. 28 U.S.C. § 157(c).

Under certain circumstances, precedent holds that a bankruptcy court may have "related to" jurisdiction over an FDCPA violation claim. As stated in the Third Circuit:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (internal citations omitted). A Chapter 13 debtor's "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case." § 541(a)(1) & (a)(7); *see also* § 1306(a). This includes property "that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." § 1306(a)(1). The Eastern District of Pennsylvania clarified the

---

[6] *See Stoe*, 436 F.3d at 216 (stating that "[t]he category of cases 'under' title 11 'refers merely to the bankruptcy petition itself'") (citation omitted); *see also In re Guild*, 72 F.3d at 1178 (indicating that "the phrases 'arising under' and 'arising in' are helpful indicators of the meaning of core proceedings") (citation omitted).

language of § 541 and § 1306 when it stated that "the property of a Chapter 13 bankruptcy estate includes both existing and potential causes of action at the time the bankruptcy proceeding is commenced . . . and those which arise after the bankruptcy proceeding has commenced and before it has been 'closed, dismissed, or converted.'" *O'Connell v. Marshalls, Inc.*, No. CV 17-2438, 2017 WL 4539288, at *5 (E.D. Pa. Oct. 11, 2017), *reconsideration denied*, No. CV 17-2438, 2017 WL 5593352 (E.D. Pa. Nov. 21, 2017); *see also* 8 Collier on Bankruptcy P 1306.02 (16th 2018); *In re Wei-Fung Chang*, 438 B.R. 77, 83 (Bankr. M.D. Pa. 2010) (providing that "[t]he estate does not cease to exist [post-confirmation] . . ., it continues to be funded by the Debtors' [sic] regular income and post-petition assets as specified in section 1306(a)"). Because a successful FDCPA violation action could provide a debtor actual and statutory damages, such an award would augment the debtor's Chapter 13 estate. *See* 15 U.S.C. § 1692k(a). Therefore, a bankruptcy court can have "related to" subject-matter jurisdiction over certain FDCPA violations claims.[7]

      In the present case, Debtor claims US Bank and SN Servicing Defendants violated the FDCPA during Debtor's ongoing Chapter 13 bankruptcy. In response, US Bank and SN Servicing Defendants argue bankruptcy courts do not have a basis to exercise subject-matter jurisdiction over FDCPA claims. US Bank and SN Servicing Defendants Mem. in Supp. of Mot. to Dismiss 5, ECF No. 8-2. However, as noted above, bankruptcy courts do have "related to" subject-matter jurisdiction over alleged FDCPA violations claims that could alter a debtor's estate when those claims arise post-petition but before the debtor's case is closed, dismissed, or converted.

---

[7]     *See, e.g., Tolliver v. Bank of Am.* (*In re Tolliver*), 464 B.R. 720, 732–33 (Bankr. E.D. Ky. 2012); *Simmerman v. Ocwen Fin. & Mortg. Servs.* (*In re Simmerman*), 463 B.R. 47, 55 (Bankr. S.D. Ohio 2011).

I find that this Court has subject-matter jurisdiction over Debtor's FDCPA violations claims because these alleged violations occurred post-petition but before Debtor's Chapter 13 bankruptcy case was closed, dismissed, or converted. Therefore, the US Bank and SN Servicing Defendants' Motion to Dismiss for lack of subject-matter jurisdiction will be denied in regards to Count III of Debtor's Complaint. I will now turn my attention to whether Debtor pled a plausible claim for relief related to the Defendants' alleged FDCPA violations claims.

       3.     *Debtor Has Not Pled a Plausible Claim for Relief in Regards to the Alleged FDCPA Violations Claims*

As stated above, Debtor's Count III alleges that Defendants violated the FDCPA under 15 U.S.C. § 1692e when Defendants, in support of their Motion for Relief, willfully made false and misleading representations of the amount Debtor owed under her loan account. Compl. 15–17, ECF No. 1.

The FDCPA governs the actions of debt collectors, including attorneys. *Heintz v. Jenkins*, 514 U.S. 291, 298, 115 S. Ct. 1489, 1492, 131 L. Ed. 2d 395 (1995). To succeed on an FDCPA violation claim, a plaintiff must prove that (1) she is a "consumer," (2) the defendant is a "debt collector," (3) the defendant's challenged practice involves an attempt to collect a "debt" as the FDCPA defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). In the present case, it appears the TAPC Defendants have only moved to dismiss under FRCP 12(b)(6) for Debtor's failure to state that TAPC Defendants violated a provision of the FDCPA in attempting to collect a debt (i.e. the fourth prong in finding an FDCPA violation).

While Debtor does not differentiate between Defendants in Count III, she does reference ten instances where Defendants allegedly violated the FDCPA, two of which are attributed to the actions of the US Bank and SN Servicing Defendants and eight of which are attributed to actions

of the TAPC Defendants. Compl. 15–17, ECF No. 1. All ten of these alleged violations are supported by ample factual evidence in the attached exhibits. However, as TAPC Defendants point out in their Motion to Dismiss, Debtor's Complaint fails to specify which subsection(s) of 15 U.S.C. § 1692e the Defendants allegedly violated.[8] As such, I will grant TAPC Defendants' Motion to Dismiss as to Count III of the Complaint.

I also find that, with regard to Count III against the TAPC Defendants, the pleading of additional facts may nudge the claims from merely possible to plausible. As such, I find that there are no grounds to dismiss, with prejudice, Count III of the Complaint at this stage of the proceedings. My judgment will allow twenty-one (21) days leave to file an amended complaint, and any such amendment must, *inter alia*, specify (1) under what subsection or subsections a claim is being brought and (2) against which defendant or defendants a claim is being brought.

## IV. CONCLUSION

Count I of the Complaint is dismissed, with prejudice, as to both the US Bank and SN Servicing Defendants and the TAPC Defendants. Count II of the Complaint, as to the US Bank and SN Servicing Defendants, pleads a plausible claim for relief, and therefore, US Bank and SN Servicing Defendants' Motion to Dismiss as to Count II is denied. Count II of the Complaint, as to the TAPC Defendants, is dismissed, without prejudice, and Debtor is given twenty-one (21) days leave to amend. US Bank and SN Servicing Defendants' Motion to Dismiss as to this Court's lack of subject-matter jurisdiction over Count III of the Complaint is denied. Count III of the Complaint, as to the TAPC Defendants, is dismissed, without prejudice, and Debtor is

---

[8] It is noted that Debtor alleges Defendants violated 15 U.S.C. § 1692e(2)(A) in her Opposition. Pl.'s Br. in Opp'n of TAPC Defendants Mot. to Dismiss 15, ECF No. 14. However, not including this subsection in the Complaint failed to provide Defendants with adequate notice of the claim(s) being brought against them.

Case 1:18-ap-00018-RNO    Doc 18    Filed 10/05/18    Entered 10/05/18 11:08:36    Desc
Main Document      Page 18 of 19

granted twenty-one (21) days leave to amend. A judgment will be entered addressing each count of the Complaint in the manner provided for in this Opinion.

By the Court,

Robert N. Opel, II, Chief Bankruptcy Judge (BI)

October 5, 2018